FILED'10 MAY 6  8:08USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALBERTO NAVARRO,

           Petitioner,

    v.

GUY HALL,

           Respondent.

Civil No. 08-6357-PA

OPINION AND ORDER

Per C. Olson
Hoevet Boise & Olson, P.C.
1000 SW Broadway, Suite 1500
Portland, OR 97205

       Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions for Murder and Unlawful Use of a Weapon.  For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On March 10, 2003, petitioner confronted Victor Ochoa-Garibay over his involvement with petitioner's former girlfriend. Erika Guerrero.  A physical confrontation ensued in which Ochoa-Garibay prevailed, ultimately knocking petitioner to the ground. As Ochoa-Garibay walked away, petitioner, still lying on the ground, pulled out a gun and shot Ochoa-Garibay in the lower back.  Ochoa-Garibay ultimately died from the gunshot wound.

On March 12, 2003, police officers interviewed petitioner.  He admitted shooting Ochoa-Garibay, but claimed he had only intended to scare him, not kill him.  Respondent's Exhibit 103, p. 37. Authorities ultimately charged petitioner with Murder with a Firearm and two counts of Unlawful Use of a Weapon.  Respondent's Exhibit 102.

Petitioner proceeded to a jury trial where the jury returned a unanimous guilty verdict an all three counts. The trial court imposed an indeterminate life sentence with a 300-month minimum for the Murder conviction, and concurrent determinate sentences of 18

and 60 months, respectively, on the weapons convictions. Respondent's Exhibit 101. Restitution in the amount of $68,569.56 was also ordered payable to the victim's mother. Respondent's Exhibit 108; Respondent's Exhibit 109, p. 2.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Navarro*, 206 Or. App. 521, 138 P.3d 62, *rev. denied*, 241 Or. 392, 143 P.3d 544 (2006).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. The Oregon Court of Appeals granted the State's Motion for Summary Affirmance and the Oregon Supreme Court denied review. Respondent's Exhibits 128, 130, 131.

Petitioner filed his federal Petition for Writ of Habeas Corpus on November 7, 2008 and raises the following grounds for relief:

1. The trial court erred when it imposed restitution without submitting the amount of the restitution to a jury for findings beyond a reasonable doubt;

2. Police officers failed to advise petitioner of his right under Article 36 of the Vienna Convention to request assistance from the Mexican Consulate; and

3. Trial counsel was constitutionally ineffective when he failed to investigate and properly prepare for trial.

Respondent asks the court to deny relief on the Petition because: (1) Ground One was not fairly presented to Oregon's courts

3 - OPINION AND ORDER

and is now procedurally defaulted; (2) petitioner's Ground Two claim based upon the Vienna Convention is not the subject of any clearly established federal law and therefore cannot entitle him to habeas corpus relief; and (3) the state court decision on petitioner's Ground Three claim is entitled to deference.

## DISCUSSION

### I.    Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. <u>Unargued Claims</u>

Petitioner does not provide argument in support of Grounds One and Two of his Petition, nor does he attempt to refute the State's arguments in its Response that these claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

///

///

///

5 - OPINION AND ORDER

## III. <u>Ground Three: Ineffective Assistance of Trial Counsel</u>

### A.    <u>Expansion of the Record</u>

According to petitioner, trial counsel was constitutionally ineffective when he failed to properly investigate his case and call Erika Guerrero, petitioner's former girlfriend, as a defense witness to rebut the prosecution's theory that petitioner killed the victim intentionally in a jealous rage over competing affections for Ms. Guerrero.  To support his claim of attorney error, petitioner asks the court to consider Petitioner's Exhibit A, a document which he did not present to Oregon's state courts. Petitioner's Exhibit A consists of a Declaration from Ms. Guerrero in which she explains her relationship with Ochoa-Garibay.

Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply. *Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005).  Accordingly, if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii).  He must also demonstrate that the facts underlying the

6 - OPINION AND ORDER

claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Petitioner obviously knew Ms. Guerrero well before he filed his PCR action, thus he could have obtained her Declaration long ago and presented it to the PCR trial court for consideration. Petitioner offers no explanation as to why he did not do so. As petitioner failed to develop his Exhibit A in preparation for his PCR trial, he cannot meet the diligence requirement of § 2254(e)(2)(A)(ii). Accordingly, the court will not consider Petitioner's Exhibit A. *See Holland*, 542 U.S. at 652 ("whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.").

B.    **The Merits**

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption

that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

According to petitioner, counsel should have called Guerrero as a witness in order to rebut the prosecution's theory that petitioner was enraged because Ochoa-Garibay broke up petitioner's relationship with Guerrero. He believes that had the jury heard Guerrero testify that she was not romantically involved with Ochoa-Garibay, there is a significant likelihood that it would have convicted him on the lesser included offense of Manslaughter, and found him not guilty of Murder. The PCR trial court made the following findings with respect to this claim:

> Well, I really believe Petitioner's case is a reach. This is a very unfortunate circumstance, obviously, one that's a little -- somewhat unusual, no doubt. But I

think Petitioner's case is based on speculation that is
grounded in hindsight.

Under the law, the Court must look at the case from
the trial attorney's perspective as well as these
theories grounded on hindsight, and I think the trial
attorney's performance falls well within the broad range
of reasonable legal representation, reasonable legal
defense.

The case law compels me to find that Petitioner has
really failed to meet his burden of proof here. So, for
those reasons, among others, the petition for post-
conviction relief is denied, and I'll sign an order to
that effect right now.

Respondent's Exhibit 123, pp. 30-31.

A review of the record in this case reveals that petitioner

provided the PCR trial court only with his own deposition testimony

in support of this claim, and a police report documenting

statements Guerrero made to officers that she did not have any

romantic relationship with Ochoa-Garibay. Petitioner did not,

however, present any declaration or affidavit to the PCR trial

court in which Guerrero made sworn statements about how she would

have testified if called at trial. *See Horn v. Hill*, 180 Or. App.

139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a

criminal trial is not produced in a post-conviction

proceeding . . . its omission cannot be prejudicial"); *see also*

*Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's

self-serving affidavit regarding potential testimony of another is

insufficient to prove ineffective assistance of counsel). Without

knowing how Guerrero would have testified, petitioner cannot show

prejudice.  See *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (Speculation about what a lay witness would say if called to testify if called does not establish prejudice).

In any event, at the time he shot Ochoa-Garibay as well as the aftermath when he was interviewed by police, petitioner believed the victim had interfered in his romantic relationship with Guerrero.  Respondent's Exhibit 119, p. 25.  Whether Ochoa-Garibay actually did, in fact, cause Guerrero's breakup with petitioner is not relevant to the inquiry of whether petitioner intentionally killed Ochoa-Garibay because petitioner, himself, believed that Ochoa-Garibay was culpable.  Accordingly, counsel was under no duty to show that petitioner was operating under a misapprehension when he shot Ochoa-Garibay as he walked away from the fight, nor can petitioner demonstrate that the outcome of his trial would have been different had Guerrero testified.

For all of these reasons, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

///

///

///

///

///

///

10 - OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___5___ day of April, 2010.

_____
Owen M. Panner
United States District Judge

11 - OPINION AND ORDER